IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**FRANKLIN ROBINSON**,

    Petitioner,

v.

**CHARLES WILLIAMS, Warden**,

    Respondent.

Civil No.: 3:16CV51
(GROH)

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 25, 2016, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate that was housed at FCI Gilmer when he filed this petition.[1] He is challenging the validity of his conviction imposed in the United States District Court for the Middle District of Pennsylvania. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[2]

On November 9, 2005, a grand jury indicted Petitioner, charging him and fifteen (15) co-defendants with certain crimes. Indictment, ECF. No. 1. On December 8, 2005, a superseding indictment was filed charging Petitioner with thirty-three counts

---

[1] Petitioner has recently been moved to Coleman Medium Federal Correctional Institution in Coleman, Florida.
[2] All ECF references in this Facts section refer to entries in the docket of Criminal Action No. 1:05CR443-1, U.S. District Court for the Middle District of Pennsylvania.

1

related to his involvement in a conspiracy to transport women for prostitution, interstate travel in aid of racketeering, sex trafficking of children, transportation of minors, coercion and enticement, and conspiracy to launder money. Superseding Indictment, ECF No. 20.  On March 19, 2007, Petitioner plead guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to Count One (conspiracy to transport women for prostitution by coercion and enticement and interstate travel in aid of racketeering in violation of 18 U.S.C. § 371) and Count Sixteen (coercion and enticement of women to engage in prostitution in violation of 18 U.S.C. 2422(a)). ECF No. 715.  On March 7, 2008, the Court rejected Petitioner's plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure as it contained a binding sentence of 15 years. ECF No. 1305. On May 8, 2008, Petitioner notified the Court of his intention to stand by his guilty plea.  ECF No. 1356.  Thereafter, on January 27, 2009, the Court sentenced Petitioner to 60 months of imprisonment on Count One and 240 months on Count Sixteen.  ECF No. 1801.

The United States Court of Appeals for the Third Circuit denied Petitioner's appeal on August 23, 2011.  ECF No. 1977.  On July 8, 2011, the United States Supreme Court denied Petitioner's writ of certiorari.[3]  On January 25, 2010, the Government moved the Court to reduce Petitioner's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, and the Government supplemented its motion on July 25, 2012, in light of Petitioner's "substantial assistance" to law enforcement. ECF No. 1934, 2032. Petitioner filed his own position on the Government's Rule 35 motion, requesting that the Court provide an additional

---

[3] See United States v. Robinson, 436 F. App'x 82 (3d Cir. 2011), cert. denied, 132 S.Ct. 791 (2011).

2

reduction beyond the 30 months requested by the Government. ECF No. 2042. On October 22, 2012, the Court granted the Government's motion and reduced Petitioner's sentence to a total of 270 months. ECF No. 2047.

On November 30, 2012, Petitioner filed a section 2255 motion, raising two arguments. ECF No. 2058. First, Petitioner contended that his trial counsel was ineffective in explaining his guilty plea to him. Second, Petitioner contended that the Court lacked jurisdiction over Petitioner's crimes because the Government never proved and Petitioner never admitted that his activities had an effect on interstate commerce. ECF No. 2057 at 4-5. On December 12, 2014, Petitioner's section 2255 Motion was denied as meritless and a certificate of appealability was not issued.

### III. PETITIONER'S CLAIMS

In support of his section 2241 petition before this Court, Petitioner alleges that he is actually innocent of Count Sixteen (coercion and enticement of women to engage in prostitution in violation of 18 U.S.C. 2422(a)). ECF No. 1-1 at 4. Petitioner alleges that he was guilty of 18 U.S.C. 2421, not 18 U.S.C. 2422(a), because the victim did not transport herself across state lines. Id. Petitioner explains that at the plea hearing he would only plead guilty to the elements that "..consist with and coincided with that of providing transportation and driving Remaney Brown and Terika Taylor across state lines for the purpose of prostitution, which are elements of a 2421 not the statute attached to Count 16 U.S.C. 2422(a)." Id. For relief, Petitioner requests that his sentence be vacated and remanded back for resentencing pursuant to 18 U.S.C. 2421. Id. at 20.

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of Respondent.

### V. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions

4

challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under section 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the section 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth

---

[4]
    In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a. The date on which the judgment of conviction becomes final;
    b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

The Petitioner appears to be raising the savings clause and claiming actual innocence. Neither of these claims apply to Petitioner's case.[5] In the instant case, even if Petitioner satisfied the first and the third elements of Jones, the crime for which Petitioner was convicted remains a criminal offense and therefore Petitioner cannot satisfy the second element of Jones. Consequently, because Petitioner clearly attacks the validity of his conviction and sentence and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that section 2255 is an inadequate or ineffective remedy and has improperly filed a section 2241 petition.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections

---
[5] See Bousey v. United States, 523 U.S. 614, 623 (1998) In order to 'open the portal' to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

6

identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** 6-27-2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE