# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**FRANKLIN ROBINSON,**

    Petitioner,

v.                                                         **CIVIL ACTION NO.: 3:16-CV-51
(GROH)**

**CHARLES WILLIAMS,
Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 22] issued by United States Magistrate Judge Robert W. Trumble on June 27, 2016. In the R&R, Magistrate Judge Trumble recommends that the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] be denied and dismissed with prejudice. For the following reasons, the Court **ADOPTS** the magistrate judge's R&R and **ORDERS** that the instant petition be **DISMISSED**.

Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for his preparation and submission of an R&R. Now, under 28 U.S.C. § 636(b), this Court is required to conduct a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Moreover, "[w]hen a party does

make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).  Failure to file timely objections constitutes a waiver of de novo review and of a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  In this case, after receiving a short extension from the Court, the Petitioner timely filed his objections to the R&R [ECF No. 28]. Accordingly, this matter is now ripe for review.  Because the Petitioner is proceeding *pro se*, the Court has afforded his filings liberal construction and will hold them to less stringent standards than pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

The magistrate judge recommends denying and dismissing the instant 28 U.S.C. § 2241 petition because the Petitioner is seeking inappropriate relief and is not able to meet the "savings clause" of 28 U.S.C. § 2255. It is well established that a defendant who seeks to collaterally challenge his or her conviction or sentence should do so through § 2255. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).  Conversely, § 2241 is generally used to challenge the manner in which a sentence is executed.  After a defendant's initial collateral challenge to his sentence or conviction, he may not file a second or successive § 2255 motion "without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); see also 28 U.S.C. § 2255(h).

As pertinent in this case, the "savings clause" of § 2255, found at 28 U.S.C.

§ 2255(e),[1] allows a petitioner to bring certain claims through a § 2241 petition that would otherwise be impermissible, but only in specific, limited circumstances. A petitioner may seek relief by challenging the validity of his conviction or sentence under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Vial, 115 F.3d at 1194. A remedy is not inadequate or ineffective merely because a petitioner has been unable to obtain relief under § 2255 or because a petitioner is procedurally barred from filing a § 2255 motion. In re Vial, 115 F.3d at 1194 n.5. In the Fourth Circuit, § 2255 is deemed to be inadequate or ineffective to test the legality of a conviction or sentence when all three of the following conditions are satisfied:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Here, the magistrate judge found that the Petitioner cannot satisfy the savings clause and the requirements of In re Jones. For that reason, the magistrate judge recommends that this Court deny and dismiss the instant petition. As the magistrate judge noted, the Petitioner has previously attempted to attack his conviction through a § 2255 motion. The Petitioner's sentencing court, the United States District Court for the Middle

---

[1] Section 2255(e) provides in full:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

District of Pennsylvania, denied the Petitioner's § 2255 motion on December 12, 2014. Robinson v. United States, No. 1:05-CR-00443-01, 2014 WL 7139775, at *1-4 (M.D. Pa. Dec. 12, 2014). In denying the Petitioner's motion, the court also declined to issue a certificate of appealability. Id. at *4. The Petitioner did not object to or appeal the order denying his § 2255 motion. Now, in his objections to the R&R in this action, the Petitioner does not put forward any serious argument that he is entitled to relief under the savings clause and In re Jones. Although the Petitioner alludes to prosecutorial and judicial misconduct, and to his actual innocence of the crimes of which he was convicted, the crux of his argument is that a petition under § 2241 is his only remaining remedy because he was not provided with a copy of the Middle District of Pennsylvania's order denying his § 2255 motion before it was too late for him to object to or appeal that order.

This Court has reviewed the available documents pertinent to the Petitioner's objections, as found on the criminal docket of the United States District Court for the Middle District of Pennsylvania, Criminal Action No. 1:05-CR-443-YK-1. Upon review of those documents, and upon consideration of the arguments raised in the action now pending in this district, this Court must overrule the Petitioner's objections. The difficulties the Petitioner has allegedly encountered in accessing documents from his sentencing court cannot be resolved through a § 2241 petition in this district. Overlooking the procedural problems presented by the instant petition, this Court notes that the Petitioner has already attempted to raise this issue in the Middle District of Pennsylvania. Upon being notified that his § 2255 motion had been denied, the Petitioner sought an extension from his sentencing court. See ECF No. 2203 in Criminal Action No. 1:05-CR-443-YK-1. The sentencing court denied his request, however, because the court had already declined to issue a certificate

of appealability.  See ECF No. 2210 in Criminal Action No. 1:05-CR-443-YK-1.  The court advised the Petitioner that he should seek a certificate of appealability from a federal circuit court of appeals.  Id.

Because the Petitioner raises no other legitimate basis for relief in this proceeding, this Court concurs with the magistrate judge's conclusion that the Petitioner cannot meet the savings clause of § 2255(e).  Therefore, § 2241 remains an improper method of attacking his conviction.  Upon review and consideration, this Court finds no error with regard to the portions of the R&R to which the Petitioner did not raise any specific objections.  Accordingly, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 22] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein.  The Petitioner's objections [ECF No. 28] are **OVERRULED**.  The Court **ORDERS** that the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is hereby **DENIED and DISMISSED WITH PREJUDICE**.  This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent pursuant to Federal Rule of Civil Procedure 58.  Because the Petitioner is a federal prisoner seeking relief through a 28 U.S.C. § 2241 petition, the Court makes no certificate of appealability determination in this matter.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address.

**DATED:** August 18, 2016

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE